Robert Yudishin and I represent James Christopher North, along with my co-counsel Brett Ortaway. Mr. North was convicted of the offensive murder following a trial in Abilene, Texas, in which he was represented by two ineffective attorneys. Those attorneys presented a defense that the State Court of Appeals said was not a defense, and they also failed to object to an alternate juror going back into the deliberation room, where the alternate juror actually participated in the jury deliberation process and expressed her opinion that Mr. North was guilty of the offense. Every jurisdiction that I'm aware of, including the federal jurisdiction, has rules against outside interference with a jury. That is a fundamental principle of jury deliberations and is designed to protect the sanctity of the deliberative process. And the violation of that principle calls into question the integrity of the jury's deliberations. And that's really at the heart of what we're talking about here today is the prejudice to Mr. North from the failure of his attorneys to protect the jury deliberation process from the actions of this alternate juror. Counsel, I realize that the COA was granted on the prejudice issue. Is it your position – well, can we also reach the timeliness issue under – I thought the Supreme Court said in Wood v. Milliard that a court of appeals could bring up that issue, sua sponte. Can we reach that issue, timeliness of a habeas petition? Your Honor, I think the court can, but I would certainly assert, as we have in our briefing, that the timeliness of the petition in this case should be equitably told for a number of reasons. Okay, so do you agree that the initial state habeas application in Texas court was not properly filed? I don't, and the reason for that is under the Texas Rules of Appellate Procedure, the Texas Rules of Appellate Procedure require an application to be filed on a particular form, and that was done in this case. And then it allows for an optional memo to be filed in support of that application, and so that's what resulted in the petition or the application being dismissed was a perceived problem with the optional memo that's not even required to be filed along with the application. Do you agree that the Texas state court treated it as improperly filed? Well, they dismissed it under the rule that allows them to dismiss applications that don't comply with all the rules, and one of the rules is that a supporting memo must have a certificate showing the word count in the memo. The state did not object to the lack of that certificate when the application was filed. The trial court addressed the merits of the application, sent findings to the Court of Criminal Appeals. Still, there was no objection from the state. The Court of Criminal Appeals, on its own motion, and I'll say the Court of Criminal Appeals is not consistent about dismissing these things. Sometimes the Court of Criminal Appeals does and sometimes doesn't. And then once the Court of Criminal Appeals did that, we filed a motion for rehearing, attached the necessary certificate. The rehearing motion was denied. But even before the Court of Criminal Appeals ruled on that, we refiled the same writ application again in the trial court, which in my mind is really elevating form over substance. It was the same issues. The trial court addressed it all the exact same way, and it all went back to the Court of Criminal Appeals. What's your equitable tolling argument? I'm sorry. So that's all statutory tolling, and okay, we can figure that out. What's your equitable tolling argument? That's what you led with. Well, the equitable tolling argument, first I point out under Holland v. Florida from the Supreme Court that talks about equitable tolling, the Supreme Court talked about a court's equity powers should be exercised on a case-by-case basis. It's not to be applied in some mechanical manner, and I think you need to look at what happened in this case. And I would point the court to Coleman-Hammond's Construction v. Occupational Safety and Health Review Commission, which is a case from this court, talking about it's not equitable tolling in the habeas case, but it talks about the use of equity powers, and in that case an answer to a citation was filed late. And the court here held that the answer should be filed and the case should proceed because there was no harm to the agency. It didn't affect anything substantially, just like in our case. There was no lack of good faith. There was no prejudice to the agency in the motion. So we have all those same principles here. Obviously, the district court below did not address the timeliness and went to the merits. There is no harm to the state. The state in state court and in the district court addressed the merits. The issues have all been brief, and so I would simply urge that it was a mistake not to attach the certificate to the memo, but despite the fact that the application was dismissed, it was properly filed because it was on the form that is required by the Court of Criminal Appeals for writs of habeas corpus. And because of the lack of prejudice to the state and because everyone from the trial court on up addressed the merits, there's no harm to anyone in allowing this to proceed, and that's where I would urge, as Holland v. Florida says, that this court should exercise its equitable powers and proceed to the merits of the case. It just, in my opinion, makes no sense just to dismiss it now at this stage when everything has been briefed and the district court never addressed this issue to dismiss it. I mean, so that's really the gist of the equitable argument on that. Let me talk about prejudice because prejudice is what this court or a judge of this court granted the certificate of appealability on, and so the district court below found that there was no prejudice to Mr. North from the alternate juror being allowed to be in the jury. The district court did not really explain or address why there's no prejudice from an alternate who's not authorized to participate in deliberations and vote, was allowed to participate and express an opinion and how that could not be prejudicial. The district court just simply said that there was no prejudice. It is, if you look at all of the cases that are cited in our brief, including cases out of, there's cases out of this court, every court that I'm aware of that's ever addressed a situation where an alternate goes into the jury deliberation room and participates in the deliberations has found prejudice. You have cases, whether it's in the state of Texas or this court or other circuits, the Supreme Court in Alano where an alternate goes into the jury room and there's no evidence of participation, doesn't tell where there is no prejudice. But just backing up for a second, you agree that the AEDPA standard applies to the merits claim? I do. Meaning we would have to find that the state courts unreasonably applied the holdings of the Supreme Court? Yes. And the holding of the Supreme Court clearly is that of Strickland v. Washington. All right. Despite, I'm sorry. No prejudice. So the prejudice, unreasonably applied the prejudice standard of Strickland v. Washington with respect to an error of this nature, assuming there was an error by the attorney? Yes. That's what we're looking at here, right? We are looking at the Strickland standard. And, of course, again, just like with equitable tolling, Strickland itself, I think, makes it clear that, again, the Strickland rules aren't to be applied mechanically. You look at this. I know you understand AEDPA is a high bar with respect to a merits decision by the state courts. So what decisions of the Supreme Court can you point to that were unreasonably applied by the state courts in finding and denying this claim? It's Strickland v. Washington. Well, we've got to get a little bit more specific than that, right? Or maybe a lot more. We're looking at the prejudice from the participation of the alternate juror. Where is the Supreme Court decision there? And, Your Honor, I think where you may be or at least where we may disagree is for the same reason that I disagree with the language in the state's brief that all these cases we cite where courts have found prejudice aren't relevant. Well, no. I mean all I'm asking is what you think your best case is. I understand. So under Strickland, we have to decide there's prejudice in applying AEDPA to that, that no reasonable juror could find, say, a lack of prejudice in this situation. So if you look at every court that I'm aware of that has looked at an alternate participating in jury deliberations has found prejudice. And the U.S. Supreme Court in Olano. So you mentioned Olano, for example, but is that a Strickland case? It's not a Strickland case, but it's a plain error case. And I think the prejudice analysis is the same for plain error as it would be under Strickland. And I know the Sixth Circuit, for example, has explicitly said that the Olano analysis is exactly the same as an analysis under Strickland on a habeas corpus case. And the reason Olano is important is because Olano, just like every other court that's looked at this, has said when an alternate participates in deliberations, it's prejudicial to the defendant. Every court has said when there's no evidence. Use the standard of prejudice that Strickland does. Strickland prejudice is a reasonable, you know the language, reasonable probability of a different outcome undermining reliability in the trial. Does Olano use that same standard? The plain error analysis used by Olano is similar to that. The language may not be exactly the same, but the prejudice is the same. And this is, you know, Strickland talks about showing one part of the Strickland prejudice standard, showing that the actions probably altered the outcome or had some effect on the outcome of the case. But it also talks about the fundamental fairness of the proceeding, and that's kind of the touchstone of what you're looking at in Strickland, that you have to show that the prejudice undermined the confidence in the outcome of the case, things of that nature. But what's important in Strickland, it also recognizes that there's some cases like we have here where it's impossible to say whether someone talking to these other jurors affected their deliberations, and there's a lot of reasons we can't do that. That's different. If that's the standard you're arguing for, that sounds more like a per se prejudice standard. Is that what you're saying, that there's per se prejudice? You know, while there's not, say, a Supreme Court case that says this is a per se prejudice or that it's a structural error, Strickland leaves open the possibility, if you read Strickland, that there can be errors that it's too difficult to say this affected the outcome of the case. When this situation, because of the rules of evidence, federal rules are the same as the Texas rules of evidence, you cannot get affidavits or testimony from jurors about what affected their deliberative process. And so in that sense, it's impossible to say that what happened here affected their deliberations and caused people to change their vote. Let me just ask you, has the Supreme Court ever held that an error of this nature is per se prejudicial under – I guess it wouldn't even be under Strickland, it would be under chronic, kind of a structural error kind of thing. Has the Supreme Court ever held that? No, not directly, it has not. But if you look in Strickland itself, it talks about in determining prejudice, you presume that the jury acted in accordance with law, and that's right out of Strickland, and in this case the jury didn't because the jury's being influenced by an outside person who's in the jury room participating in the deliberations unlawfully. So Strickland talks about in that situation you look at prejudice differently, and obviously there's all kinds of cases since Strickland where there is a presumption of prejudice, not with this exact fact situation, but this is an application of Strickland. This error undermines – I think if you look at the public, and this is what every court that's looked at this, if you look at allowing some person to go into the jury room that's not authorized to be participating in deliberations to participate, and you have no way to show did someone vote guilty or not guilty because of that, that's the type of thing that undermines confidence in the judicial system, and it's the type of error that I think Strickland itself allows for, and it's the type of thing that every court, as I said, that's looked at something like that happening has found it to be prejudicial. All right. Thank you very much. We'll hear next from Ms. Hacker. May it please the Court, Heather Hacker for the state of Texas. North's petition fails for two reasons. First, it's time barred. As the state court determined, it was improperly filed, and thus it did not toll the deadline under EDPA. But second, even if the court were to reach the merits, North has failed to show that the state habeas court unreasonably applied Strickland or any other decision of the Supreme Court. My friend just mentioned that he's relying solely on Strickland, yet he said that merely that Strickland leaves open the possibility that his argument could work. That's not good enough here. That's not strong enough to meet the high bar of EDPA. Ms. Hacker, can we reach the time on this issue despite the fact that a COA has been granted on the Strickland prejudice issue? Yes, Your Honor. You can. What about Black v. Davis? Is that a problem? No. I was just about to address that issue. And I don't believe that that's a problem in this case. The court does have jurisdiction here. In Black, the court denied a COA on a Strickland claim, and then the petitioner raised a chronic claim on appeal, and the court distinguished between those two things as separate claims. If the Weaver argument here were a separate claim, then we would agree that there would not be jurisdiction, not only because of Black, but also because it would be a successive petition and would be personal. Timeliness is a defense, is it not? Yes, Your Honor. It's a reason not to consider. So I don't see how a COA covers, you know, can deal with timeliness at all. I think that's correct, Your Honor. If the COA is granted, then timeliness may become an issue. In any event, timeliness was raised below in the district court, was it not? Yes, it was. And the magistrate judge actually recommended that the petition be dismissed as time barred. Yes, yes, that's correct. But here it does not appear from the arguments that they're making that they're raising Weaver as a separate claim. It seems that they're trying to put a gloss on their Strickland claim using Weaver to support that argument. Yeah, that is what it seems like. Weaver, I'm not sure what to make of it. Is it somewhere between Strickland and chronic, what Weaver says about the nature of that error, which was, what was that, closing the trial to the public or something like that? Yes, it was an open court violation. But importantly, you know, what they're using Weaver for in this case is to say that they shouldn't have to meet the regular prejudice standard of Strickland, that it's just unfair. And for that reason, they shouldn't have to show prejudice in a traditional sense. But Weaver does not support that argument. In fact, Weaver held that despite the fact that there was an open court violation, it continued to still apply the prejudice standard under Strickland. So even though that violated a right that is in the plain text of the Sixth Amendment, the court in Weaver still applied the normal prejudice standard under Strickland. And it's interesting because the petitioner in Weaver actually tried to make the exact same argument that I think they're trying to make here, and the court expressly said that it would not sanction or it wasn't going to pass judgment on whether or not that argument was correct. Justice Alito's concurrence, however, does explain why that position is wrong and why it actually conflicts with Strickland itself and also why the harmless error standard, when you look at structural errors, is totally different from the prejudice prong of the Strickland test. So when I asked to identify a case that the state courts here unreasonably applied, which I assume you agree that the litigation bar applies here. Yes, Your Honor. We were told to look at Olano. What's your response to Olano? Olano is irrelevant because it doesn't deal with constitutional rights. It only deals with the federal rules of civil procedure. And so it really doesn't have any implication here at all. It also did not presume prejudice, so it just doesn't help their argument. But the court really doesn't need to reach the merits of this issue. As the court mentioned, there is a time bar issue, and the Supreme Court has held that the petition must comply with state rules, including technical rules like the one at issue here, in order to be properly filed under AEDPA. And it's black-letter law in this circuit that if the CCA dismisses an application for failure to comply specifically with the requirements of Texas Rule of Appellate Procedure 73.1, which is the rule at issue here, that that application is not properly filed within the meeting of AEDPA. Here, the first petition that was filed in state court did not toll the deadline because it was improperly filed as the CCA determined, and this court has to defer to that determination. So the federal habeas petition was late. Should we consider equitable tolling? No, Your Honor. No, Your Honor. And you should not because there was no showing of rare and exceptional circumstances, which is required for equitable tolling to apply in this circumstance. Garden variety excusable neglect does not qualify and does not support equitable tolling, and attorney errors don't either. Now, North argues that the state misled him because it didn't object to the lack of the compliance certificate in the state habeas court,  when the other side doesn't comply with technical rules like that in their application. And they also argue that they were misled by the court because the state court considered the application in the trial court, and then the CCA then decided to dismiss it a couple of months later. But the biggest problem with that is that North was on notice as of January 6, 2016, that his first petition was improper. If he had just filed a corrected petition right after he was made aware of that, his federal habeas petition would not have been late. He has never explained why he didn't do that, and there's really no excuse for it. I think really the big mistake here was trying to file a motion for reconsideration when the AEDPA clock was running, and, again, an attorney mistake just does not rise to the level necessary to apply equitable tolling here. Interestingly, there have also been other opinions by this court where the courts have done the same thing. The state court accepted the application, and then the CCA dismissed it later. Larry v. Dredke is one. So this really isn't that unusual. The Broussard case was the same thing. That case, the state court looked at the petition, but then the CCA dismissed it for a lack of compliance with Rule 73.1, said it was illegible. And this court still said that it was improperly filed, even though the defendant claimed in that instance that the legibility problem was because of the court clerk photocopying the application and wasn't his fault. So these are strict rules that the court has to apply. The court has to apply deference to the state court's determination here, and the state court determined that this first application was improperly filed. If that first application was improperly filed, then the federal habeas petition in this case was late and equitable tolling does not apply. So to sum up, the court should exercise jurisdiction in this case and deny the petition as time barred. In the alternative, if the court does reach the merits, it should deny relief because North can't meet either prong under Strickland and has not shown that the state court unreasonably applied any decision of the Supreme Court or Strickland for that matter. If there are no further questions from the court, I'll yield the balance of my time. No, ma'am. Thank you. Thank you. Let me talk about equitable tolling here just real quickly because I think in the state's brief, the state completely ignores the motion for rehearing that we filed in the Court of Criminal Appeals in analyzing the timeliness issue. Now today the state takes the position that that was a mistake to ask for a rehearing in the Court of Criminal Appeals. It seems to me like a proper practice to file a motion for rehearing and attach the certificate and point out that the memo really was in compliance with the Court of Criminal Appeals rules. Now they denied that, but in terms of diligence, we went ahead while that was still pending in the Court of Criminal Appeals and filed a new exactly the same application raising the same issues back in the trial court without waiting for the Court of Criminal Appeals to rule because of the unclear nature of the tolling question. Well, when you first filed your state habeas, did you wait 11 months to do that? Your Honor, I know again that's an argument that the state raises. My only point is should that or should that not count against the diligence? We did wait that long, but if you go back and look at the original state application, it contained more issues than what we're talking about here, issues that required substantial investigation and particularly the lack of a real defense in the trial court that required us to hire experts to do evaluations, and it took time to do. I mean, that to me is really a red herring issue. It's like the state took three months to file a brief in this court, and they had a limited thing to respond to, and we had to investigate a whole case. So the Supreme Court has talked about the flexibility needed in this situation, and again I'll just cite Holland v. Florida where they said, we have made clear that a court's equity powers must be made on a case-by-case basis. We have emphasized the need for flexibility and for avoiding mechanical rules. Here, because we filed the rehearing motion immediately, and while the state may say that was a bad idea, I would assert that it really was a good idea to do that in proper practice, and if the state's saying if we had just gone and filed a new application right when we filed the motion for rehearing, everything would have been timely, to me that's the best argument that this ought to be equitably told. We did a proper thing, in my opinion, in the Court of Criminal Appeals that didn't work. We went ahead and filed a new application while that was still pending, just to try to be extra safe. We did everything we could in a diligent manner. The 11 months that the Court's referring to is because the complicated nature of this case, it required a lot of investigation, and I don't think it's in the Court. The Supreme Court, again, has talked about how the EPA time limits aren't particularly long, so to get it filed in 11 months I don't think is unreasonable at all. To turn to, let me just talk about Elano real quickly, because Judge, you had asked me about this, and Elano was dealing with plain error under Rule 52B of the Rules of Criminal Procedure, but it is not fair, as the state asserts to say, that it has nothing to do with the prejudice standard under Strickland. Well, the state said Elano did not presume prejudice. Is that correct? Do you agree with that? Well, I do agree with that because the facts there are different, but what Elano talked about first on the prejudice point is for an error to be corrected pursuant to Federal Rule of Criminal Procedure 52B, the error must affect substantial rights, which is the plain error language, and in most cases that means the error must have been prejudicial, again, the Supreme Court's language, and they interpret in Elano prejudicial to mean it must have affected the outcome of the judicial proceedings, the same kind of language that we have in Strickland. Then in Elano they determined the error not to affect substantial rights because there was no evidence the alternate participated in the deliberations, and then they went on to say the presence of alternate jurors during deliberations might prejudice the defendant in two ways, the alternate actually participated in the deliberations or exerted a chilling effect on regular jurors. I know this Court back as early as 1973 in the United States v. Allison talked about if the alternate's in the jury room and doesn't participate, there's no prejudice, but if, however, the alternate participated in deliberations, sufficient prejudice and effect on the jury's verdict would be shown from this Court. In 2017, United States v. Kelly, the Court's saying the same thing, that if an alternate goes back, is told not to participate or doesn't participate in deliberations, no prejudice, but if there is participation, there is prejudice, it's clearly prejudicial. Thank you. Thank you very much.